Durbey D. Macon, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Joseph J. Huss,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, February 16, 1983:

Durbey D. Macon (petitioner) appeals here a decision of the Pennsylvania Board of Probation and Parole (Board) to recommit the petitioner as a convicted parole violator for 33 months back time. The Board, in its decision to recommit, relied in part on a guilty plea to the charge of aggravated assault entered by the petitioner in the Court of Common Pleas of Dauphin County on April 15, 1982. The 33 month period is consistent with the presumptive range for aggravated assault. 37 Pa. Code §75.2.

The petitioner here argues that the absence of specific standards in the presumptive ranges renders those ranges vague, arbitrary and therefore violative of the Fourteenth Amendment's due process clause. U.S. Const. amend. XIV, §1. Specifically, the petitioner attacks 37 Pa. Code §75.1(b) which reads:

> The presumptive ranges of parole backtime are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision.

He argues in his brief that the regulations do not give the Board guidance as to what kinds of "individual circumstances" would warrant deviation from the guidelines.

37 Pa. Code §75.1(b) was enacted pursuant to the Board's power to prescribe rules and regulations under Section 506 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, 71 P.S. §186. These regulations have the effect of structuring the broad discretion the General Assembly has given to the Board in matters of recommitment. Section 21 of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.21.

There is a strong presumption of constitutionality. *Department of Environmental Resources v. Metzger*, 22 Pa. Commonwealth Ct. 70, 347 A.2d 743 (1975). The burden of proving unconstitutionality is a heavy one and lies with the petitioner. *McCoy v. State Board of Medical Education and Licensure*, 37 Pa. Commonwealth Ct. 530, 391 A.2d 723 (1978). Moreover, the statute granting the Board the discretion to recommit has withstood constitutional challenge, *Gahagen v. Pennsylvania Board of Probation and Parole*, 444 F. Supp. 1326 (E.D. Pa. 1978), the Federal District Court noting the specificity of that act. In light of the even more specific nature of the regulations and the

fact that the petitioner received a recommitment sentence within the presumptive range, together with the fact that he has not alleged in his brief any mitigating factors which the Board refused to consider, we fail to see how the regulation as written or as applied has violated the petitioner's due process rights.[1]

The petitioner having failed to meet his burden, we must therefore affirm the Board.

### ORDER

AND, Now, this 16th day of February, 1983, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.

---

[1] In *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1979), it was written:

> A state may, as Nebraska has, establish a parole system, but it has no duty to do so. Moreover, to insure that the state-created parole system serves the public-interest purposes of rehabilitation and deterrence, the *state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority.* It is thus not surprising that there is no prescribed or defined combination of facts which, if shown, would mandate release on parole. (Emphasis added.)